# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT E. WESTERMANN, Jr., | CIVIL CASE NO. 20-00046 |
| Plaintiff, | **ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs | |
| DZSP 21, a Limited Liability Corporation, | |
| Defendant. | |

Before the court is Defendant's Motion to Dismiss (ECF No. 3) and Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 10) wherein Plaintiff alleges violations of the Americans with Disabilities Act. Pursuant to Federal Rule of Civil Procedure 78(b), the court finds oral argument on both these motions unnecessary.

In its motion to dismiss, Defendant seeks to dismiss Plaintiff's lawsuit as untimely. The Equal Employment Opportunity Commission (EEOC) issued Plaintiff his right-to-sue letter on August 13, 2020, which triggered the ninety-day period during which Plaintiff had to file his lawsuit.[1] However, Plaintiff filed the lawsuit on December 3, 2020, and thus Defendant argues the lawsuit is time-barred. In response, Plaintiff alleges that even though the letter was issued on August 13, 2020, he did not actually receive the EEOC's letter until September 11, 2020, and

---

[1] Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has ninety days to bring a civil action. 42 U.S.C. § 2000e–5(f)(1). The ninety-day period begins "after the giving of such notice." *Id.*

thus seeks to amend his complaint to reflect the actual date of reception.

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When considering a request for leave to file an amended complaint, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotations omitted). Here, there is no evidence of bad faith, this is Plaintiff's first attempt to amend his complaint, and any prejudice caused to Defendant by allowing Plaintiff to amend his complaint will be minimal given that no discovery has occurred yet.

Nevertheless, Defendant argues that allowing amendment would be futile, as the proposed amended complaint does not sufficiently explain why Plaintiff received his right-to-sue letter nearly a month after it was issued by the EEOC.

The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 2014 (9th Cir. 1988) (overruled on other grounds). Within the Ninth Circuit, notice of a right-to-sue letter is presumed given three days after the issuance of the letter. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125 (9th Cir. 2007). However, this may be rebutted by evidence indicating the receipt was delayed beyond the presumed period, as long as the delay is not attributable to the complainant. *Id.* at 1126.

Here, Plaintiff's proposed amended complaint contains an allegation that his attorney did not receive the EEOC's letter until September 11, 2020, which is supported by a sworn affidavit and a September 11, 2021 email (ECF No. 10 at 45-51) to Plaintiff's counsel wherein his

assistant represents she received the EEOC's letter that day. Taking this allegation as true, as the court must at this stage, the court finds the amended complaint at least plausibly indicates that Plaintiff has timely filed his lawsuit. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Defendant may yet succeed in showing that Plaintiff received the letter earlier, or that the month-long delay was his own "fault," which would mean Plaintiff's lawsuit is untimely. *See Payan*, 495 F.3d at 1126 (9th Cir. 2007) (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). However, at this stage, the court finds that the five factors and justice require the court to allow Plaintiff to file his amended complaint.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 10) is **GRANTED**. Defendant's Motion to Dismiss is **DISMISSED AS MOOT.**

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jun 02, 2021**